**SO ORDERED.**

**SIGNED December 14, 2011.**

_____
**ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-51520 |
| T&M AVIATION, INC., | CHAPTER 11 |
| DEBTOR-IN-POSSESSION | JUDGE ROBERT SUMMERHAYS |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF
REORGANIZATION OF T&M AVIATION, INC. DATED SEPTEMBER 26, 2011 AND
IMMATERIALLY MODIFIED AS OF NOVEMBER 23, 2011
FILED BY T&M AVIATION, INC.**

The Court held the Confirmation Hearing on November 29, 2011 at 10:00 a.m. C.S.T., and considered Confirmation of the Second Amended Chapter 11 Plan of Reorganization of T&M Aviation, Inc. Dated September 26, 2011 Filed by T&M Aviation, Inc. (the "Second Amended Plan") (R. at 168-1.), filed on September 26, 2011 by the debtor-in-possession, T&M Aviation, Inc. ("T&M Aviation"), and immaterially modified on November 23, 2011 by the Immaterial Modifications to Second Amended Plan of Reorganization of T&M

1

1428160-3

Aviation, Inc. (the "Immaterial Modification") (R. at 189.).[1] The Court also considered the Second Amended Disclosure statement for Second Amended Chapter 11 Plan of Reorganization of T&M Aviation, Inc. Submitted by T&M Aviation, Inc. Dated September 26, 2011 (the "Disclosure Statement") (R. at 168.) and approved by the Court pursuant to the Order and Notice Approving Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of Plan, Fixing Date for Confirmation Hearing, and Requiring a Tabulation of Voting entered on October 6, 2011 (the "Order Approving Disclosure Statement") (R. at 176.).

Appearing at the Confirmation Hearing on behalf of certain parties-in-interest were attorneys: (1) Louis M. Phillips and Ryan J. Richmond of the law firm of Gordon, Arata, McCollam, Duplantis & Eagan, LLC on behalf of T&M Aviation; (2) Janice E. Hebert, Assistant U.S. Attorney for the Western District of Louisiana, on behalf of the Internal Revenue Service (the "IRS"); and (3) David Patrick Keating of the Keating Law Firm, LLC on behalf of Patricia Dawn Wolf ("Dawn Wolf").

Also present in open court during the Confirmation Hearing were: (1) Ronald T. Wolf ("Ron Wolf"), President of T&M Aviation; (2) Thomas R. Wolf ("Tom Wolf"), business manager of T&M Aviation; and (3) Micah R. Vidrine, CPA ("Micah Vidrine"), of the accounting firm of Wright, Moore, DeHart, Dupuis & Hutchinson, L.L.C. ("Wright Moore"), accountants for the bankruptcy estate of T&M Aviation. Ron Wolf, Tom Wolf, and Vidrine were prepared to testify on behalf of T&M Aviation in support of Confirmation of the Plan. Dawn Wolf was not present in open court during the Confirmation Hearing.

---

[1] The Second Amended Plan, as immaterially modified by the Immaterial Modification, shall be referred to collectively herein as the "Plan." Further, any capitalized term used herein, but not otherwise specifically defined, shall have the meaning ascribed to it in the Plan.

During the Confirmation Hearing, Mr. Phillips argued on behalf of T&M Aviation in support of Confirmation of the Plan. In support of Confirmation of the Plan, Mr. Phillips proffered the testimony of Ron Wolf, Tom Wolf, and Micah Vidrine. Mr. Keating did not object to the proffered testimony of Ron Wolf, Tom Wolf, and Micah Vidrine. Thus, the Court accepted the proffered testimony of Ron Wolf, Tom Wolf, and Micah Vidrine in support of Confirmation of the Plan. Further, Mr. Phillips also sought to introduce and admit into evidence a binder containing the following twelve (12) exhibits:

| Exhibit No. | Description |
|---|---|
| 1 | The Disclosure Statement with exhibits attached thereto (R. at 168.). |
| 2 | The Second Amended Plan (R. at 169.). |
| 3 | The Immaterial Modification with exhibits attached thereto (R. at 189.). |
| 4 | The Objection to Confirmation of Second Amended Chapter 11 Plan of Reorganization (the "Objection to Confirmation") (R. at 186.) filed by Dawn Wolf. |
| 5 | The Objection to Second Amended Disclosure Statement (the "Objection to Disclosure Statement") (R. at 171.) filed by Dawn Wolf. |
| 6 | The ballot tabulation with exhibits thereto (the "Ballot Tabulation") (R. at 190.) filed by T&M Aviation. |
| 7 | The balance sheet of T&M Aviation dated November 15, 2011 (the "Balance Sheet"). |
| 8 | The profit and loss statement of T&M Aviation for the month of October 2011 (the "Income Statement"). |
| 9 | The income and cash flow projection of T&M Aviation dated November 15, 2011 (the "Cash Flow Projection"). |
| 10 | The appraisal of company assets performed by T&M Aviation and dated February 10, 2011 (the "T&M Aviation Appraisal"). |
| 11 | The appraisal of company assets performed by Starman Bros. Auctions, Inc. and dated March 2011 (the "Starman Appraisal"). |
| 12 | The Analysis of Liquidation Value prepared by T&M Aviation (the "Liquidation Analysis") (R. at 194-22). |

3

(collectively, the "Confirmation Exhibits") (R. at 194.). Mr. Keating did not object to the introduction and admission of the Confirmation Exhibits into evidence. Accordingly, the Confirmation Exhibits were admitted into evidence by the Court.

Upon consideration of the foregoing, and for oral reasons assigned in open Court on November 29, 2011, the Court determined to Confirm the Plan. The Court hereby issues these Findings of Fact and Conclusions of Law in Support of Order Confirming Second Amended Chapter 11 Plan of Reorganization of T&M Aviation, Inc. Dated September 26, 2011 and Immaterially Modified as of November 23, 2011 Filed by T&M Aviation, Inc. (these "Findings and Conclusions") to supplement the oral findings made in open court. Accordingly, the Court finds and concludes as follows:

1. **Jurisdiction**. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1408. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

2. **Notice**. The Disclosure Statement and the Plan were transmitted and served in compliance with the Bankruptcy Rules and this Court's orders, and service thereof was adequate and sufficient to satisfy due process. All parties, including, without limitation, those taxing authorities, attorneys general, and other governmental units entitled to notice of the hearing to consider confirmation of the Plan and the deadline for submitting ballots and filing and serving objections to confirmation of the Plan, received adequate notice of the Plan and the Confirmation Hearing in accordance with the Bankruptcy Rules and have had an ample

opportunity to appear and be heard with respect thereto. No other or further notice is necessary or required.

3. **Judicial Notice**. This Court takes judicial notice of the docket maintained in the Chapter 11 Case by the Clerk, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Court in the Chapter 11 case.

4. **Compliance with the Applicable Provisions of the Bankruptcy Code**. As set forth below, T&M Aviation has met its burden of proving the elements required under the Bankruptcy Code for Confirmation of the Plan by a preponderance of the evidence.

5. **The Plan Complies with Section 1129(a)(1)**. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

6. **Proper Classification of Claims and Equity Interests**. The Plan designates six (6) Classes of Claims and Equity Interests against T&M Aviation. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate among Holders of Claims or Equity Interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

7. **Specification of Unimpaired Classes**. The Plan specifies that Class 2 (Chase Auto Finance Claim) is Unimpaired under the Plan and is deemed to have accepted the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2) of the Bankruptcy Code.

8. **Specification of Treatment of Impaired Classes**. Article III of the Plan designates each of Class 1 (IRS Secured Claim), Class 3 (Convenience Claims), Class 4 (IRS

Unsecured Claim), Class 5 (IRS Penalty Portion), and Class 6 (Existing Equity Interests) as Impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

9. **Equal Treatment Within Classes**. The Plan provides for the same treatment for each Claim or Equity Interests in a particular Class unless the Holder of a particular Claim or Equity Interests in such Class has agreed to a less favorable treatment of its Claim or Equity Interests, thereby satisfying 11 U.S.C. § 1123(a)(4).

10. **Implementation of Plan**. The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

11. **Non–Voting Securities**. The Plan provides for the cancellation of all Existing Equity Interests and the issuance of New Equity, all of which shall be voting shares or interests, therefore 11 U.S.C. § 1123(a)(6) is deemed satisfied.

12. **Selection of Officers and Directors**. The Plan provides, as of the Effective Date, any and all remaining directors and officers of T&M Aviation shall be deemed to have resigned and Reorganized T&M Aviation's directors will be Ron Wolf and Tom Wolf. Tom Wolf will serve as the Reorganized T&M Aviation's President, and Ron Wolf will serve as Reorganized T&M Aviation's Secretary-Treasurer. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7).

13. **Rule 3016(a)**. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

14. **Additional Plan Provisions**. The provisions of the Plan are appropriate and not inconsistent with all other applicable provisions of the Bankruptcy Code.

15. **The Plan Complies with Section 1129(a)(2)**. T&M Aviation has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

16. **Proper Debtor and Plan proponents**. T&M Aviation is the proper debtor pursuant to 11 U.S.C. § 109 and the proper proponent of the Plan pursuant to 11 U.S.C. § 1121(c).

17. **Compliance With Applicable Bankruptcy Code Provisions**. T&M Aviation has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

18. **Compliance With Solicitation Requirements**. T&M Aviation has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the solicitation materials and in soliciting and tabulating votes on the Plan.

19. **Plan Proposed in Good Faith**. T&M Aviation has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the arms-length negotiation related to the formulation of the Plan. The Chapter 11 Case was filed and the Plan was proposed with the legitimate and honest purposes of reorganizing T&M Aviation and expeditiously making distributions to T&M Aviation's Creditors. The Plan reflects the results of these negotiations and is reflective of the interests of all of T&M Aviation's Estate's constituencies.

20. **Payments for Services or Costs and Expenses**. Except as otherwise provided or permitted by the Plan, any payment made or to be made by T&M Aviation for services or for costs and expenses in or in connection with Chapter 11 Case, or in connection

with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

21. **Directors, Officers, and Insiders**. T&M Aviation has complied with 11 U.S.C. § 1129(a)(5). As the Plan contemplates the reorganization of T&M Aviation, all directors and officers of T&M Aviation will be deemed to have resigned as of the Effective Date and the new officers and directors of Reorganized T&M Aviation will be put in place as set forth above. Further, based upon the record of the Chapter 11 Case, sufficient cause exists for Reorganized T&M Aviation to be authorized to issue the New Equity in accordance with the Plan, without further approvals by the Court.

22. **No Rate Changes**. The Plan does not propose any rate changes that are subject to governmental regulation. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and is deemed satisfied.

23. **Best Interests of Creditors**. The Plan satisfies 11 U.S.C. § 1129(a)(7) as each Holder of a Claim or Equity Interest in an Impaired Class either has Accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interests, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if T&M Aviation was liquidated under chapter 7 of the Bankruptcy Code. As set forth below, the Court finds and concludes that the liquidation value under chapter 7 of the Bankruptcy Code would result in no distributions to or recovery on behalf of any Holder of an Unsecured Claim.

24. **Treatment of Administrative Claims**. The Plan's treatment of Allowed Administrative Expense Claims satisfies the requirements of 11 U.S.C. § 1129(a)(9). Except to the extent any Entity entitled to payment of any Allowed Administrative Expense Claim agrees to a different treatment, the Plan provides that each Holder of an Allowed Administrative

Expense Claim will receive Cash in an amount equal to such Allowed Administrative Expense Claim on the later of (A) the Effective Date or (B) the first Periodic Distribution Date after such Administrative Expense Claim becomes payable pursuant to (i) any agreement between T&M Aviation and the Holder of such Administrative Expense Claim or (ii) by Final Order. These Administrative Expense Claims include claims for T&M Aviation's attorney's fees and U.S. Trustee's fees.

25. **Acceptance of at Least One Impaired Class**. The Plan satisfies 11 U.S.C. § 1129(a)(10). As evidenced by the representation of Ms. Hebert at the Confirmation Hearing and the Immaterial Modifications, the IRS was deemed to accept its treatment under Class 4 and Class 5 of the Plan. Moreover, as evidenced by the Ballot Tabulation, River Bend submitted a Ballot in connection with its Class 3 Claim, and voted to accept the Plan. Also, while Wright Express was entitled to vote to accept or reject the Plan in connection with its Class 3 Claim, Wright Express did not submit a Ballot. Thus, at least one of the Impaired Classes of Claims with the right to vote to accept or reject the Plan has voted to accept the Plan and has accepted the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider.

26. **Feasibility**. The Plan satisfies 11 U.S.C. § 1129(a)(11) because, as evidenced by the Balance Sheet, Cash Flow Projection, Income Statement, and the proffered testimony of Ron Wolf, Tom Wolf, and Micah Vidrine, confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization. Thus, the Plan presents a workable framework of reorganization and there is a reasonable probability that the provisions of the Plan will be performed. The Plan is found and determined to be feasible.

27. **Payment of Certain Fees**. All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

28. **Principal Purpose**. The principal purpose of the Plan is neither the avoidance of taxes nor of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, *et seq*. The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

29. **Good Faith Solicitation**. Based upon the record before the Court, T&M Aviation and its respective officers, directors, managers, members, affiliates, associates, employees, agents, attorneys, accountants, and other professionals have acted in good faith with respect to, and in compliance with, applicable provisions of the Bankruptcy Code in soliciting votes on the Plan and such solicitation is hereby determined to have been in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the foregoing are entitled to the protections afforded by 11 U.S.C. § 1125(e) and the exculpatory protections set forth in Article XIII of the Plan. The Court also finds and concludes that T&M Aviation and the IRS, through respective counsel, negotiated in good faith a resolution to the IRS Claim.

30. **Exculpation and Releases**. The Disclosure Statement, the Plan, and the record of the Chapter 11 case, including, without limitation, the evidence admitted into the record and the proffered testimony at the Confirmation Hearing, are sufficient to support the exculpation provided for in Article XIII of the Plan and the releases provided for in Article XIII of the Plan. Such exculpation and releases are fair and reasonable.

31. **Satisfaction of Confirmation Requirements**. The Plan satisfies all requirements for confirmation set forth in 11 U.S.C. § 1129(a) and (b).

32.     **Retention of Jurisdiction**.  The Court finds and concludes that it may properly retain jurisdiction over, *inter alia*, the matters set forth in Article XI of the Plan.

33.     **Immaterial Modifications**.  The Immaterial Modification is an immaterial modification of the Second Amended Plan within the purview of section 1127 of the Bankruptcy Code and applicable case law, and therefore, the votes of Creditors and Holders of Existing Equity Interests for the Second Amended Plan constitute the votes of Creditors and Holders of Existing Equity Interests for the Second Amended Plan as immaterially modified by the Immaterial Modification.

34.     **Objection to Confirmation**.  The IRS, which is the single largest Claimant, did not file an objection to Confirmation of the Plan.  The only objection to Confirmation of the Plan was that of Dawn Wolf, who filed the Objection to Confirmation.  In the Objection to Confirmation, Dawn Wolf objected to Confirmation of the Plan purportedly on good faith grounds.  However, after reviewing the Objection to Confirmation and based upon the argument of Mr. Keating at the Confirmation Hearing, the Court construed the Objection to Confirmation to be based upon T&M Aviation's valuation of her Existing Equity Interest under the Plan, and to be either an objection under section 1129(a)(7) or 1129(b)(2)(C) of the Bankruptcy Code.  However, for the reasons discussed below, the value of the Existing Equity Interests is zero dollars ($0.00).  Thus, based upon the record of the Chapter 11 Case, including, without limitation, the evidence admitted and the testimony proffered at the Confirmation Hearing without objection, and for reasons orally set forth by the Court in open court at the Confirmation Hearing and in these Findings and Conclusions, the Objection to Confirmationwas overruled and denied.

35. **Value of Existing Equity Interests**. As of the Confirmation Hearing Ron Wolf and Dawn Wolf are the Holders of Existing Equity Interests, as each owns fifty percent (50%) of T&M Aviation's outstanding Existing Equity Interests as a result of their divorce and the community property law of Louisiana.[2] However, based upon the evidence admitted at the Confirmation Hearing, including, without limitation, the Liquidation Analysis and the proffered testimony of Ron Wolf, Tom Wolf, and Micah Vidrine,[3] the Existing Equity Interests have a value of zero dollars ($0.00) as of the Effective Date because, as shown by, *inter alia*, the Liquidation Analysis, liquidation of the assets of T&M Aviation would result in no distributions to Unsecured Creditors. Therefore, from a liquidation analysis prospective, T&M Aviation is insolvent. Thus, the Holders of Existing Equity Interests have no equity in T&M Aviation. Further, upon the proffered testimony, the Court finds and concludes that there is no going concern value or enterprise value what would create solvency. The Court is satisfied that any possible going concern value of Reorganized T&M Aviation would be value *created* through Confirmation of the Plan as such enterprise or going concern value can only be *created* by the continued involvement of Ron and Tom Wolf in the operations of the Reorganized T&M Aviation. While Ron Wolf and Tom Wolf standing willing to work within the confines and

---

[2] Notwithstanding her Interest in T&M Aviation, Dawn Wolf's participation in the Chapter 11 Case was minimal. She did not file a competing chapter 11 plan of reorganization, even though the exclusivity periods under section 1121(e)(1) expired and was not extend by motion of T&M Aviation and order of the Court. Dawn Wolf did not file a Proof of Claim. Dawn Wolf did not attend the § 341(a) meeting of creditors. Aside from her Objection to Confirmation and Objection to Disclosure Statement, the only other document Filed by Dawn Wolf into the record of the Chapter 11 Case was her motion for relief from the automatic stay (the "Stay Relief Motion") (R. at 122.), whereby she sought to obtain financial information and documentation from T&M Aviation to be used in her state court domestic litigation against Ron Wolf.

[3] The Court again notes that Dawn Wolf was not present at the Confirmation Hearing, and her attorney, Mr. Keating, did not present any evidence or adduce any testimony at the Confirmation Hearing in support of her Objection to Confirmation.

structure of the Confirmed Plan,[4] neither is willing to be involved with the corporation is Dawn Wolf remains an owner of an Existing equity Interest. Therefore, the Court finds and concludes that because it cannot glean an enterprise or going concern value outside of Confirmation of the Plan, the best valuation method is the liquidation value proposed through the Liquidation Analysis,[5] which establishes that the Existing Equity Interests have no value.[6] Therefore, the value of the Existing Equity Interests is zero dollars ($0.00) and termination of the Existing Equity Interests upon the Effective Date is necessary and proper to facilitate a successful reorganization of T&M Aviation. Finally, termination of the Existing Equity Interests was proposed in good faith by T&M Aviation, and said termination is in the best interests of the T&M Aviation, Reorganized T&M Aviation, Creditors, and all parties-in-interest.[7]

36. **Cramdown**. The Plan does not discriminate unfairly, and is fair and equitable, with respect to the Existing Equity Interests. For the foregoing reasons, the value of the Existing Equity Interest as of the Effective Date is zero dollars ($0.00). Thus, because the Plan provides for no Distributions to Holders of Existing Equity Interests, they will receive the

---

[4] The Court points out that Ron Wolf signed the Plan in his capacity as President of T&M Aviation ***and*** individually.

[5] *See*, Ex. 12 (R. at 194-22).

[6] Given the proffered testimony of Ron Wolf, Tom Wolf, and Micah Vidrine, it appears that, to the extent T&M Aviation is less insolvent than prior to the Confirmation Hearing, any value created was created through the efforts of Ron Wolf and Tom Wolf in attempting to rectify the problems caused by the failure of Dawn Wolf to perform her duties as bookkeeper (tax returns were not filed by her and tax liabilities were not paid for the years of 2001-2008).

[7] The Court notes that the Plan is not without some benefit to Dawn Wolf. Under 26 U.S.C. § 6672, Dawn Wolf could be considered a "responsible person,", and thus liable for all of or a considerable portion of the IRS Claim, because she was a director and officer of T&M Aviation at the time T&M Aviation's liability on the IRS Claim was incurred. Because T&M Aviation proposes to satisfy the IRS Claim in full under the Plan, T&M Aviation would be satisfying her potential "responsible person" liability for the IRS Claim while T&M Aviation is making payments to the IRS under the Plan. Thus, the Court concludes that the Plan is also in Dawn Wolf's best interests.

value of their interest as of the Effective Date of the Plan. Thus, the Plan complies with 11 U.S.C. § 1129(b)(2)(C)(i) with respect to the Existing Equity Interests.

37. The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Plan.

38. Sufficient cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with Bankruptcy Rule 3020(e).

39. The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052, made applicable to this proceeding pursuant to FED. R. BANKR. P. 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

# # #

Respectfully submitted by:

**GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC**

By: **/s/ Ryan J. Richmond**
Louis M. Phillips (La. Bar No. 10505)
Peter A. Kopfinger (La. Bar No. 20904)
Ryan J. Richmond (La. Bar No. 30688)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarata.com

***Attorneys for T&M Aviation, Inc.***